UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE AYRES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>　　　　　　Defendant. | CASE NO. 3:23-cv-05376-DGE<br><br>ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 18) |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Life Insurance Company of North America's motion for judgment on the pleadings. (Dkt. No. 18.) Defendant asserts Plaintiff failed to administratively exhaust remedies contained in the long-term disability plan (LTD Plan) at issue in the Complaint, including failing to cooperate by not providing medical records. (*See id.*) The LTD Plan does not require administrative exhaustion before initiating a lawsuit. As such, the Court DENIES Defendant's motion.

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 18) - 1

## II.     BACKGROUND

Plaintiff seeks relief for alleged violations of the Employee Retirement Income Security Act (ERISA) of 1974. (Dkt. No. 1.) He asserts Defendant is responsible for approving and paying benefits under the ERISA LTD Plan at issue in this matter. (*Id*. at 2.) Plaintiff asserts Defendant "failed to provide benefits due under the terms of the LTD Plan and failed to make a timely decision, and these actions constitute breaches of the LTD Plan." (*Id*. at 6.) Plaintiff seeks damages for the alleged wrongful denial of benefits under the LTD Plan. (*Id*. 7–8.)

Defendant asserts that, "Plaintiff has failed to exhaust his administrative remedies under the terms of the LTD Plan. Accordingly, under well-settled ERISA law that requires administrative exhaustion before a plaintiff can seek judicial review, the Court should dismiss Plaintiff's claims." (Dkt. No. 18 at 2.)

On January 24, 2024, the Court sought supplemental briefing from the parties. (Dkt. No. 31.) Specifically, the Court directed the parties to provide argument on whether the LTD Plan required the exhaustion of administrative remedies prior to initiating a lawsuit. (*Id*.) Each party provided supplemental briefing. (Dkt. Nos. 32–33.)

The LTD Plan contains information about claim procedures, including an appeals procedure for denied claims. (Dkt. No. 19-1 at 33–34.) The claim procedures state that if a claim is denied, the written notice of denial will include information "regarding the right to appeal the decision, and an explanation of the appeal procedure, including a statement of the right to bring a civil action under Section 502(a) of ERISA if the appeal is denied." (*Id*. at 34.) The LTD Plan also states:

> **Legal Actions**
> No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, has been

furnished as required by the Policy.  No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished.

(Dkt. No. 19-1 at 24.)  No other language in the LTD Plan appears related to a claimant's right to file a lawsuit.

The pleadings, including the documents incorporated by reference, provide a significant history of correspondence between the parties regarding the submission of medical records to evaluate Plaintiff's claim.

On November 14, 2022, after speaking with Plaintiff's counsel, Defendant requested Plaintiff complete a questionnaire and authorizations to obtain medical records.  (Dkt. No. 25-1 at 2–3.)  Defendant indicated it had requested medical records from certain providers.  (*Id*. at 3.)  Defendant included a Social Security Administration Consent for Release of Information Form.  (*Id*. at 9–10.)  Defendant also noted it might seek to schedule an independent medical evaluation if "the necessary information is not received."  (*Id*. at 3.)  Defendant asked Plaintiff to respond by November 28, 2022, and warned that if the "necessary information" was not provided or if Plaintiff failed to contact Defendant by November 28, 2022, Defendant would "proceed with the claim determination based on your failure to cooperate in the administration of your claim."  (*Id*.)

On November 21, 2022, Plaintiff returned the questionnaire and the medical records authorization.  (*Id*. at 12, 15–18.)  On December 17, 2022, Defendant informed Plaintiff it "requested medical records" from certain providers and advised Plaintiff it was his ultimate responsibility to ensure the information was received.  (Dkt. No. 19-1 at 73.)

On January 11, 2023, Plaintiff, through his attorney, informed Defendant all prior releases signed by Plaintiff were revoked "to the extent that such authorization allows you to contact any sources of information in a manner other than by writing." (*Id*. at 75.)  Plaintiff

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 18) - 3

1 further stated he was submitting a "timely written appeal of [Defendant's] decision to deny
2 [Plaintiff's] claim for benefits due to physical disability on July 15, 2022." (*Id*.) Plaintiff further
3 requested that Defendant "find [Plaintiff] eligible to continue receiving benefits beyond February
4 2023 based on ongoing disability resulting from physical illness." (*Id*.) Plaintiff provided
5 additional medical records. (*Id*.) Plaintiff also indicated he was determining whether any
6 additional information in support of Plaintiff's claim would be submitted and that it agreed "to
7 toll [Defendant's] decision deadline until 45 days from the date [Plaintiff] send[s] confirmation
8 that all evidence has been provided." (*Id*. at 77.)

9 On February 2, 2023, Plaintiff submitted additional medical records to Defendant "to
10 consider in support of [Plaintiff's] appeal." (*Id*. at 79–80.) Plaintiff asked Defendant to proceed
11 "with reviewing this claim for a decision." (*Id*. at 80.)

12 On March 10, 2023, Plaintiff submitted additional medical records to Defendant "to
13 consider in support of [Plaintiff's] appeal." (*Id*. at 82–83.) Plaintiff asked Defendant to proceed
14 "with reviewing this claim for a decision." (*Id*. at 83.)

15 On March 17, 2023, Defendant informed Plaintiff his underlying "claim is currently open
16 and remains active, therefore appeal rights due [sic] not apply at this time."[1] (*Id*. at 84.)

17 In subsequent communications, Defendant continued to assert additional medical
18 records/information were required, but the record does not identify the exact medical records
19 Defendant was seeking and which Plaintiff allegedly did not provide. (*See id*. at 85–87, 91–92.)

---

[1] Whether the claim remained open versus whether an appeal had been initiated is central to the failure to cooperate arguments. (*See generally* Dkt. No. 32 at 4–5.)

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 18) - 4

On May 2, 2023, after the lawsuit was filed, Defendant asserted it needed to "complete a peer to peer with Dr. Carol Henricks." (*Id*. at 93.) On June 22, 2023, Defendant issued a denial letter based on Plaintiff's alleged failure to cooperate. (*Id*. 97–101.)

Defendant stopped receiving any benefits under the LTD Plan as of February 1, 2023. (*Id*. at 97.)

### III.   DISCUSSION

#### A. Administrative Exhaustion

"[A] claimant need not exhaust [administrative remedies] when the plan does not require it." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1299 (9th Cir. 2008); *Jackson v. Guardian Life Ins. Co. of Am.*, 2023 WL 2960290, *1 (N.D. Cal. Apr. 13, 2023); *Greiff v. Life Ins. Co. of N. Am.*, 386 F. Supp. 3d 1111, 1113 (D. Ariz. 2019).

In its supplemental briefing, Defendant does not identify any language in the LTD Plan requiring Plaintiff to exhaust administrative remedies prior to filing a lawsuit. Instead, Defendant asserts that "[t]he Court's listed cases in its Order are not applicable here" (Dkt. No. 32 at 6) because Defendant was prevented "from making a determination as to [Plaintiff's] disability status . . . in the first instance" (*id*. at 7). In contrast, Plaintiff asserts, "*Greiff* is highly relevant to the present case because it concerned not only the same Defendant but also substantively identical plan language." (Dkt. No. 33 at 4.) Moreover, from Plaintiff's perspective, he had been appealing the July 15, 2022 "denial of his claim for physical disability[.]" (Dkt. No. 24 at 4; *see also* Dkt. No. 19-1 at 75.) He alternatively asserts that "Defendant failed to make a timely decision on his claim for physical disability benefits, which

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 18) - 5

1  remains true regardless of whether Plaintiff's submissions are considered an appeal or a claim for

2  benefits." (*Id*. at 7.)

3        It does appear Defendant was the defendant in *Greiff* and that *Greiff* analyzed language

4  identical to the language contained in the LTD Plan in this case. *Greiff* quoted the same claim

5  procedures language and the same "Appeal Procedures for Denied Claims" language involved in

6  this case. *Compare Greiff*, 386 F. Supp. 3d at 1114 *with* Dkt. No. 19-1 at 33–34.

7        *Greiff* found the claim procedure language "does not alert an average claimant that

8  exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action under

9  Section 502(a) of ERISA." *Greiff*, 386 F. Supp. 3d at 1114. *Greiff* further found the "Appeal

10 Procedure for Denied Claims" language "could reasonably be read as making the administrative

11 appeal process optional." *Id*.

12       Moreover, in this case the LTD Plan's "Legal Actions" language prohibits a lawsuit only

13 if a proof of loss has not been filed. (*See* Dkt. No. 19-1 at 24.) There is no assertion that

14 Plaintiff failed to file a proof of loss.

15       Because a claimant need not exhaust administrative remedies when a plan does not

16 require it, and just as in *Greiff*, the Court concludes the LTD Plan does not require exhaustion of

17 administrative remedies prior to filing a lawsuit.

18      **B. Failure to Cooperate**

19       Defendant also asserts Plaintiff failed to cooperate in the claim process. (Dkt. No. 18 at

20 14) ("Plaintiff clearly and blatantly failed to follow the claim and appeal process prescribed by

21 the LTD Plan and 29 C.F.R. § 2560.503-1(h)(1) and (m)(4)(i)."). Defendant asserts Plaintiff

22 failed to provide information sufficient for Defendant to evaluate Plaintiff's claim. (Dkt. No. 32

23 at 3) ("Plaintiff refused to provide[] medical records from at least four (4) providers" and

24

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES (DKT. NO. 18) - 6

1  "continued to refuse to produce medical records despite at least six (6) requests."). Plaintiff
2  denies Defendant's assertions. (Dkt. No. 33 at 7) ("[A]ny assertion that Plaintiff failed to
3  cooperate with Defendants' requests for information is belied by the record before the Court.").
4  In addition, Plaintiff argues Defendant failed to timely issue a decision on Plaintiff's claim as
5  required by the applicable ERISA regulations. (Dkt. No. 24 at 8–11.)

6  When reviewing a motion for judgment on the pleadings, a court "must accept all factual
7  allegations in the complaint as true and construe them in the light most favorable to the non-
8  moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2012). "Judgment on the
9  pleadings is properly granted when there is no issue of material fact in dispute, and the moving
10 party is entitled to judgment as a matter of law." *Id*.

11 Viewing the pleadings, with the documents incorporated by reference, in the light most
12 favorable to Plaintiff, it appears there was an extensive history of communications between the
13 parties, but little information about what medical information may have been missing. It was
14 only after Plaintiff filed the lawsuit that Defendant first asserted it needed to conduct a "peer to
15 peer" between its medical representative and Plaintiff's medical provider(s). (Dkt. No. 19-1 at
16 93.) Yet, Defendant still did not identify what medical records Plaintiff failed to provide.

17 Arguably, the pleadings indicate Plaintiff did provide medical records and continued to
18 provide supplemental records over the course of his communications with Defendant. Thus, it is
19 unclear from the pleadings whether Plaintiff failed to provide the medical records Defendant
20 allegedly was seeking. Because it is unclear whether Plaintiff in fact failed to cooperate, the
21 Court is unable to evaluate at this time whether Plaintiff or Defendant failed to comply with their
22 obligations under the LTD Plan and/or the applicable ERISA regulations.

23
24

There remain factual disputes as to the information Plaintiff allegedly failed to provide. Judgment as a matter of law, therefore, is improper.

### IV.     CONCLUSION

The LTD Plan at issue does not require administrative exhaustion as a prerequisite to filing a lawsuit. Viewing the pleadings in the light most favorable to Plaintiff, judgment on the pleadings is improper. Accordingly, Defendant's Motion for Judgment on the Pleadings for Failure to Exhaust Administrative Remedies (Dkt. No. 18) is DENIED.

The parties are directed to immediately meet and confer to discuss a briefing schedule. The parties SHALL file a stipulated order containing an agreed briefing schedule no later than February 29, 2024.

Dated this 21st day of February 2024.

David G. Estudillo
United States District Judge